UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRAMONTANE IP, LLC,<br>    Plaintiff,<br><br>  v.<br><br>GARMIN INTERNATIONAL, INC., ET AL.,<br>    Defendants.<br><br>And Related Counterclaims | Case No. CV 11-9887 PA (FFMx)<br><br>PROTECTIVE ORDER |

The Court enters the following protective order:

  1.  In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order (hereinafter "Order"). Confidential information is trade secrets, proprietary information, and other highly confidential commercial information, or material required to be kept confidential by state or federal law.

  2.  By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

  3.  Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage documents shall

designate all pages of the document as confidential, unless otherwise indicated by the producing party.

4. Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

5. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to outside counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a) a party, or an officer, director, or employee of a party deemed necessary by outside counsel to aid in the prosecution, defense, or settlement of this action;

    (b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c) court reporter(s) employed in this action;

    (d) a witness at any deposition or other proceeding in this action; and

    (e) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in

[PROPOSED] PROTECTIVE ORDER
2

the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

7. Only qualified persons may attend depositions at which Confidential Material is used or discussed.

8. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to outside counsel for the parties (including the paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 6(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

9. Source code may be made available in electronic form on a stand-alone, non-networked computer with all parts, software and other avenues that could be used to copy or transfer such data blocked, for inspection in the United States at the offices of counsel for the producing party or at such other location as may be mutually agreed by the parties upon reasonable notice. Only persons permitted access to Attorney's Eyes Only Material may be allowed access to the standalone computer provided, however, that the following restrictions shall apply to such access:

    (i) at least two business days prior to the date on which access is sought to such standalone computer, counsel for the receiving party shall provide a list of individuals including attorneys seeking to access such standalone computer, and the designating party shall have the right to object to such access as to disclosure to an

expert, unless the designating party has already had the opportunity to object to the expert accessing the source code;

(ii) during the pendency of the two day notice period, no listed individual shall have access to the standalone computer;

(iii) if an objection to any specific listed individual is made, that individual shall not have access to the standalone computer until resolution of such objection; and

(iv) each time a person accesses the standalone computer, the person shall sign a sign-in sheet prior to, and a sign-out sheet subsequent to, accessing the standalone computer including the name of the person accessing, the date and time in and out, and whether any hard copies were made.

The receiving party may not make nor attempt to make additional copies of the source code or convert the source code into any electronic form in any manner, except as set forth herein:

(i) a printer shall be attached to the standalone computer, and, absent good cause, the receiving party shall make no more than 500 total pages of hard copies of "HIGHLY CONFIDENTIAL – SOURCE CODE" material it in good faith considers to be important to its analysis;

(ii) whenever hard copies are made, copies of the hard copies shall be provided to counsel for the producing party along with an identification of when the copies were made and who made them;

(iii) any hard copies shall be conspicuously marked "HIGHLY CONFIDENTIAL – SOURCE CODE" in conformity with this Order;

(iv) the receiving party shall keep a log including: (a) the custodian of each copy of any "HIGHLY CONFIDENTIAL –

SOURCE CODE" materials; (b) the name of all persons accessing the "HIGHLY CONFIDENTIAL – SOURCE CODE" materials; and (c) the date and time of access of the "HIGHLY CONFIDENTIAL – SOURCE CODE" materials;

  (v) an expert who has printed hard copies of source code may make electronic pdf copies of those hard copies for purposes of preparing his or her expert report, but must destroy such copies upon termination of the litigation.

All "HIGHLY CONFIDENTIAL – SOURCE CODE" materials, including all copies, in the possession of the Receiving Party shall be maintained in a secured, locked area.

  10. Unless otherwise ordered by the Court or agreed in writing by the designating party, a party that seeks to disclose to an expert any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written request to the designating party that (1) sets forth the full name of the expert and the city and state of his or her primary residence, (2) attaches a copy of the nondisclosure agreement in the form of Attachment A signed by the expert; (3) attaches a copy of the expert's current resume, (4) identifies all employers and clients for whom the expert has worked or consulted in the last four years, including the Expert's current employer(s), and (5) identifies (by name and number of the case, filing date, and location of the court) any intellectual property litigation or patent application in connection with which the expert has provided any professional services during the preceding four years.

A party that makes a request and provides the information specified in the preceding paragraph may disclose the subject protected material to the identified expert unless, within five court days of delivering the request, the party receives a

written objection from the designating party.  Any such objection must set forth in detail the grounds on which it is based. A party that receives a timely written objection must meet and confer with the designating party to try to resolve the matter by agreement.  If no agreement is reached, the party seeking to prohibit the disclosure to the Expert may file a motion seeking a protective order from the Court to do so.  Such a motion must be filed within three business days of the failure to reach an agreement.  If the party seeking to prohibit disclosure to the expert fails to file such motion within three business days of the failure to reach an agreement, then the party's objection to disclosure thereof is waived.  If a motion for protective order is filed, the party seeking to make the disclosure of the subject protected material to the identified expert shall not disclose such protected material to said expert until the motion for protective order is ruled upon by the Court. In any such proceeding, the party opposing disclosure to the expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the protected material to its expert.

11. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" does not, standing alone, waive the designating party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" after the material was initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

12. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this

action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

13.  Any attorney, patent agent, employee, or agent of Plaintiff or independent expert or consultant retained by Plaintiff who reviews a designating party's technical information designated "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Protective Order shall not prosecute, supervise, or assist in the prosecution of any patent application pertaining to the subject matter of the patents-in-suit or personal navigation devices during the pendency of this case and for one (1) year after the conclusion of the litigation, including any appeals. Nothing in this paragraph shall prevent any such person from sending non-confidential prior art to persons involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor, or from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation.

14.  If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed with the Court, such papers shall be accompanied by an application to (a) file the confidential portions thereof under seal (if such portions are segregable), or (b) file the papers in their entirety under seal (if the confidential portions are not segregable). The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

15.  Counsel shall exert their best efforts to identify documents or material protected by the attorney-client privilege or the work-product doctrine prior to the disclosure of any such documents or material.  If, however, a Producing Party

[PROPOSED] PROTECTIVE ORDER

determines that it has inadvertently disclosed information that the Producing Party believes is privileged or otherwise immune from discovery, the Producing Party shall promptly, in writing, notify the Receiving Party of the claim, set forth the basis for the claim, and request that the item or items of information be returned or destroyed.  If that request is made, no Party to this action shall thereafter assert that the inadvertent disclosure waived any privilege or immunity.  It is further agreed that the Receiving Party will return or destroy the inadvertently produced documents or material, and all copies and derivations thereof, within five (5) business days of the Receiving Party's receipt of a written request for the return of the documents or material.  The Party having returned the produced item or items of information may thereafter seek production of the information by motion to the Court, but in so doing may not reference or rely upon the substance or content of the item or items of information.

16. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

17. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

1  18. This Order shall survive the final termination of this action, to the
2  extent that the information contained in Confidential Material is not or does not
3  become known to the public, and the Court shall retain jurisdiction to resolve any
4  dispute concerning the use of information disclosed hereunder. Upon termination
5  of this case, counsel for the parties shall assemble and return to each other all
6  documents, material and deposition transcripts designated as confidential and all
7  copies of same, or shall certify the destruction thereof.
8  IT IS SO ORDERED.

10  DATED: February 7, 2012

11  _____
12  Percy Anderson
13  UNITED STATES DISTRICT JUDGE

[PROPOSED] PROTECTIVE ORDER

Attachment A

**<u>Nondisclosure Agreement</u>**

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in Tramontane IP, LLC v. Garmin Int'l, Inc., et al., United States District Court for the Central District of California, Civil Action No. CV 11-9887 PA (FFMx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for purposes of enforcing this nondisclosure agreement.

DATED:

_____
[Name of Signator Typed]