SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9887 PA (FFMx) | Date | February 23, 2012 |
|---|---|---|---|
| Title | Tramontane IP, LLC v. Garmin Int'l, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   ORDER TO SHOW CAUSE

The Court is in receipt of a complaint filed by plaintiff Tramontane IP, LLC ("Plaintiff"), the owner of patents related to the functionality of satellite-based navigation systems.  Plaintiff has sued defendants Garmin International, Inc., Garmin USA, Inc., MiTAC Digital Corporation, Mio Technology USA Ltd., Pioneer Electronics (USA), Inc., and TomTom, Inc. for patent infringement (collectively, "Defendants").[1/]  Plaintiff alleges that Defendants manufacture and sell various navigation systems that infringe various claims of its patents.

Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  See also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977).  "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim."  Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Based on the factual allegations in the complaint, it does not appear that Plaintiff's claims against Defendants arise out of the same transaction or occurrence, given that each defendant seems to independently manufacture and sell different devices that allegedly infringe on the patented invention.  The Court therefore orders Plaintiff to show cause in writing why one or more parties should not be dropped from this case for improper joinder.  See Fed. R. Civ. P. 18, 20, 21; see also Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court").

---

[1/]   Defendants Garmin International, Inc., Garmin USA, Inc., and TomTom, Inc. are no longer parties to this action.

**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9887 PA (FFMx) | Date | February 23, 2012 |
|---|---|---|---|
| Title | Tramontane IP, LLC v. Garmin Int'l, Inc., et al. | | |

Plaintiff's response to this Order to Show Cause shall be filed no later than February 28, 2012. Defendants' Response, if any, shall be filed no later than 12:00 pm on March 02, 2012. In response to this Order, Plaintiff may, if it so chooses, file separate actions against Defendants, with new complaints and filing fees.

IT IS SO ORDERED.